**TOWT et al. v. NATIONAL FROST PRO-
TECTION CO., Inc., et al.**

No. 1274–BH.

District Court, S. D. California, Central
Division.

Oct. 7, 1941.

Charles C. Montgomery, of Los Angeles,
Cal., for plaintiffs.

J. Calvin Brown and Gibson, Dunn &
Crutcher, all of Los Angeles, Cal., for de-
fendants.

HARRISON, District Judge.

After studying the briefs submitted, I
find nothing that alters my conclusions ex-
pressed at the close of the trial.

I feel that the claims involved in the pat-
ents in suit have been fully anticipated by
the electric fan patents introduced, especial-
ly by Morris, Patent No. 1,334,781; Rolle,
Patent No. 687-854, and Hedges, Patent No.
572,008. I am further of the opinion that
the patents in suit were fully anticipated by
Cobb, Patent No. 1,639,257. The plaintiff's
own testimony demonstrates that he was
following Cobb.

I am still of the opinion that the
claims involved are nothing more or less
than an aggregation. According to plain-
tiffs' theory the placing of a mechanism on
top of a platform would enable one to claim
a combination of elements. Each element
performs the same function it always per-
formed. They performed no joint func-
tions. Toledo Pressed Steel Co. v. Stand-
ard Parts, Inc., 307 U.S. 350, 59 S.Ct. 897,
83 L.Ed. 1334.

I hold that the claims involved in
each patent have been fully anticipated and
further that the purported combination is
a mere aggregation.

Defendant is directed to serve and sub-
mit proposed findings of fact within ten
days.